# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| ALBERT D. WASHINGTON | CIVIL ACTION NO. 06-1794-P |
| VERSUS | JUDGE HICKS |
| WARDEN | MAGISTRATE HORNSBY |

## REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Albert D. Washington ("Petitioner"), pursuant to 28 U.S.C. Section 2254. This petition was received and filed in this court on October 11, 2006. Petitioner is incarcerated in the Claiborne Parish Detention Center in Homer, Louisiana. He challenges his state court conviction and sentence. He names the Warden of Claiborne Parish Detention Center as respondent.

On February 27, 2003, Petitioner pleaded guilty to one count of armed robbery in Louisiana's First Judicial District Court, Parish of Caddo. On March 25, 2003, he was sentenced to 30 years imprisonment at hard labor without benefit of parole, probation or

---

[1] This decision is not intended for commercial print or electronic publication.

suspension of sentence.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel, (2) the State withheld Brady material and (3) his guilty plea was invalid.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[2]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

---

[2] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on February 27, 2003 and sentenced on March 25, 2003. Petitioner did not seek direct review of his conviction and sentence. Thus, Petitioner's conviction and sentence became final in April 2003. See La. C.Cr.P. art. 914.

The federal petition currently before the court was received and filed in this court on October 11, 2006 and mailed by Petitioner on October 10, 2006. Since the federal clock began ticking in April 2003 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition in or before April 2004. This petition was not filed until October 2006 at the earliest, more than two years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner filed an application for post-conviction relief in the Louisiana First Judicial District Court in September 2004. These post-conviction proceedings continued until the Supreme Court of Louisiana denied writs on January 27, 2006. State

ex rel. Washington v. State, 2005-814 (La. 1/27/06), 922 So.2d 537.  To toll the federal limitation period, a petitioner's post-conviction application must be filed within the federal one-year period.  Petitioner did not file his state post-conviction application until September 2004, which was after the limitation period had already expired in April 2004.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed

factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of December, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE